IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **MATTHEW KING** and **KATHRYN KING**, <br><br> Plaintiffs, <br><br> v. <br><br> **BANK OF AMERICA CORPORATION**, <br><br> Defendant. | Civil Action No. 7:14-CV-169 (HL) |

ORDER

Before the Court is the Motion to Dismiss Plaintiffs' Complaint (Doc. 6) by Defendant Bank of America, N.A. ("Bank of America").[1] For the reasons stated below, the motion is granted.

I.  **Legal Standard**

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible if its factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls

---

[1] Bank of America asserts that the caption of the Complaint misidentifies it, and that it should be named as "Bank of America, N.A."

for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

In ruling on a motion to dismiss, the court must accept "all well-pleaded facts … as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). However, this tenet does not apply to legal conclusions in the complaint. Iqbal, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed.2d 939 (1946)).

## II.   Factual Background

Prior to this lawsuit, Plaintiffs Matthew and Kathryn King ("Plaintiffs") became the owners of real property located at 8008 Patten-Coolidge Road, Coolidge, Georgia (the "Property"). In May 2009, Plaintiffs secured a loan from Synovus Mortgage Corporation ("Synovus") and, to secure repayment on the

loan, executed a security deed on the Property (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as the grantee/nominee for Synovus. (Synovus/MERS Security Deed, Doc. 6-2). MERS assigned the Security Deed to Bank of America in December 2013. (Assignment of Security Deed, Doc. 6-3).[2]

Subsequent to this assignment, Plaintiffs defaulted on their loan payments.[3] Bank of America initiated a foreclosure proceeding against the Property, and the foreclosure sale was held on August 5, 2014. On August 29, 2014, Plaintiffs filed an action in the Superior Court of Thomas County, Georgia asking that the foreclosure be set aside. In conjunction with the lawsuit, Plaintiffs filed a notice of lis pendens in the superior court. Plaintiffs allege that Bank of America failed to provide proper notice of the foreclosure pursuant to O.C.G.A. § 44-14-162.2(a). (Complaint, Doc. 1-1, ¶¶1–6). Bank of America subsequently

---

[2] Both the Security Deed and the assignment of the deed to Bank of America have been filed with the Clerk of the Superior Court of Thomas County, Georgia, and the bank attached copies of the documents to its motion to dismiss. Plaintiffs have not questioned either the authenticity of the copies or the validity of the original documents. The Court takes judicial notice of these documents which are matters of public record and will consider them in ruling on the motion to dismiss. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); Avado Brands, 187 F.3d at 1279–80; Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006).

[3] Plaintiffs conceded this fact in their reply brief opposing the motion to dismiss. (Brief in Opposition to Defendant's Motion to Dismiss, Doc. 8, p. 8). The Court may consider this admission in analyzing the merits of the Complaint. See Apalachicola Riverkeeper v. Taylor Energy Co., 954 F. Supp. 2d 448, 457 (E.D. La. 2013); Ording v. BAC Home Loans Servicing, LP, Civil Action No. 10-10670-MBB, 2011 WL 99016, at *4 n. 3 (D. Mass. Jan. 10, 2011); Montoya v. Valencia County, 872 F. Supp. 904, 906 n. 1 (D.N.M. 1994).

removed the action to this Court based on diversity of jurisdiction. (Notice of Removal, Doc. 1).

## III. Legal Analysis

Bank of America now moves to dismiss the Complaint under Rule 12(b)(6). Bank of America argues that, even if it did not provide adequate notice of the foreclosure, Plaintiffs have not stated a claim upon which relief could be based because they have failed to show how the allegedly defective notice caused their injuries. As a matter of law, according to the bank, Plaintiffs' defaulting on their loan is what caused the foreclosure. Bank of America is correct. A number of courts have ruled that, as a matter of law, "[f]ailure to make the proper loan payments or tender the amount due defeats any wrongful foreclosure claim." Klonga v. CitiMortgage, Inc., No. 1:14-cv-723-WSD, 2015 WL 225798, at *3 (N.D. Ga. Jan. 16, 2015) (collecting cases). As these courts have noted, such a default on the loan breaks the chain of causation between any action by the holder of the security deed, including a failure to provide notice, and any injury suffered by the homeowner through the foreclosure. See id., 2015 WL 225798, at *2–3; Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 370–72 (2004). Plaintiffs admit they were in default on the loan when Bank of America foreclosed on their house. Thus, they cannot show causation with respect to their

suit against Bank of America, which is a necessary element to making a wrongful foreclosure claim under Georgia law.

The fact that Plaintiffs ask for equitable relief—setting aside the foreclosure—rather than monetary damages does not alter the outcome of this case. A fundamental principle of equity law in Georgia is that "he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Crockett v. Oliver, 218 Ga. 620, 621 (1963); see also O.C.G.A. § 23-1-10. In an action to set aside a foreclosure sale, the Supreme Court of Georgia applied this maxim and held that before the plaintiff "would be entitled to equitable relief, she must do equity and tender the amount due under the security deed and note." Berry v. Gov't Nat. Mortg. Ass'n, 231 Ga. 503, 503 (1973). Since the plaintiff had not tendered the past due payments, the Berry court affirmed the dismissal of her suit. Id. The same result must be reached here. Plaintiffs admit they defaulted on their loan payments, and they have not alleged an ability or willingness to tender the payments they owe. Their lawsuit consequently must be dismissed.[4]

---

[4] In their brief opposing the motion to dismiss, Plaintiffs raise the new assertion that, if they had known about the foreclosure and sale, then they would have filed for bankruptcy to forestall the foreclosure proceedings. A plaintiff may not amend his complaint via a response to a motion. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (addressing an assertion in a brief opposing a summary judgment motion); Sweetwater Investors, LLC v. Sweetwater Apartments Loan LLC, No. 1:10-CV-223-WKW, 2010 WL 4904673, at *4 (M.D. Ala. Nov. 24, 2010) (noting that "a

## IV.     Conclusion

For these reasons, Bank of America's motion to dismiss is granted. In its reply brief in support of the motion to dismiss, Bank of America requests, for the first time, that the notice of lis pendens Plaintiffs filed in conjunction with this lawsuit be canceled. For the Court to consider this request, Bank of America must file a separate motion, giving Plaintiffs an opportunity to respond. Any such motion must be filed not later than May 14, 2015. The clerk of court shall hold this case open until May 14, or until such time as the Court shall rule on a motion to cancel the notice of lis pendens.

**SO ORDERED**, this the 30th day of April, 2015.

*s/ Hugh Lawson*  
**HUGH LAWSON, SENIOR JUDGE**

scr

---

claim cannot be inferred, nor a complaint amended, through argument in a brief"). Therefore, the Court refrains from considering this claim.